# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3:06 pm, May 29, 2020
JEFFREY P. COLWELL, CLERK

Civil Action No. _____

(To be supplied by the court)

MARY KAHLER

_____, Plaintiff

v.

WAL-MART STORES, INC   aka WALMART, INC

_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

MARY KAHLER, 7 TRAIL RD, LA JUNTA, CO 81050

(Name and complete mailing address)

719-469-0219, marykahler@msn.com

(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   WAL-MART STORES, INC  aka WALMART, INC, 702 S.W. Eighth St., Bentonville, AR 72716

(Name and complete mailing address)

469-273-4000, help@walmart.com

(Telephone number and e-mail address if known)

Defendant 2:   _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

X     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

X     Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

X     Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

X     Other: *(please specify)* _____ RETALIATION

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  Discrimination & Retaliation for participating in protected activity

The conduct complained of in this claim involves the following: (*check all that apply*)

<u>X</u> failure to hire              <u>X</u> different terms and conditions of employment

____ failure to promote           <u>X</u> failure to accommodate disability

<u>X</u> termination of employment    <u>X</u> retaliation

<u>X</u> other: (*please specify*)  denial of FMLA & retaliation for filing EEOC charge and lawsuit

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

____ race          ____ religion        ____ national origin      <u>X</u> age

____ color         ____ sex             <u>X</u> disability

Supporting facts:

Walmart's human resource director and their general manager at store 1384 failed to allow FMLA to the eligible Plaintiff then terminated her and failed to rehire then

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

| | RACE | | COLOR | | SEX | | RELIGION | | NATIONAL ORIGIN |
| X | RETALIATION | X | AGE | X | DISABILITY | | GENETIC INFORMATION |
| | OTHER (*Specify*) | | | | | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  04-03-2019      Latest  01-16-2020

X CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):
On February 24, 2017, I filed a charge of discrimination with the EEOC 541-2017-00905. Since then and continuing, I have applied for numerous positions for which I qualify, however, I have only been interviewed once. Beginning May 4, 2016, I have renewed my application per policy of every 60 days, but still have been denied interview and/or rehire. On January 16, 2020, I received an email from Respondent attorney stating that "Among other things, you would be required to agree to dismiss your lawsuit, release/waive your claims, acknowledge that you've been paid all wages due to you, not disparage Walmart, and not reapply for employment. These are standard terms in cases like this." This to me supporting retaliation for filing the original EEOC complaint.

SEE ADDITIONAL PAGES- RETALIATION COMPLAINT

CLAIM TWO: _Age & DIsability Discrimination Retaliation for participating in protected activity_

The conduct complained of in this claim involves the following: (*check all that apply*)

**X** failure to hire      **X** different terms and conditions of employment

____ failure to promote      **X** failure to accommodate disability

**X** termination of employment      **X** retaliation

**X** other: (*please specify*) _pupposefully changed schedule to conflict with family responsibilities_

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

____ race      ____ religion      ____ national origin      **X** age

____ color      ____ sex      **X** disability

Supporting facts:

I believe I have been discriminated against because of my age - 63, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended; because of a disability, within the meaning of the Americans with Disabilities Act of 1990 (ADA), as amended, in violation of the ADA both in retaliation for participating in a protected activity.

SEE ADDITIONAL PAGES - RETALIATION COMPLAINT

Click Here for Additional Claim

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MARYLEE KAHLER,

Plaintiff,

v.

WAL-MART STORES, INC., aka WALMART, INC

Defendant.

### RETALIATION COMPLAINT

COMES NOW Plaintiff, Mary Lee Kahler, pro se, and for her Retaliation

Complaint against the Defendant, Wal-Mart Stores, Inc., states as follows:

Plaintiff requested Appointment of Counsel for assistance in properly stating this

new claim of retaliation against Walmart Inc. in a motion filed 04/13/2020. Determination

is pending in District Court as well as determination of reopening original case number

18-cv-03162, Plaintiff Mary Lee Kahler v. Walmart Inc.

### Introduction

1.      This is an action brought against Wal-Mart Stores, Inc. pursuant to all

Labor laws including but not limited to 710, 751, 790 and all codes and statues relevant

to Retaliation and including Title VII protections as amended, 42 U.S.C. §§ 200e, et seq.,

the ADA 42 U.S. § 12101, et seq. and all applicable, and ADEA 29 U.S.C. § 621, et seq.

FMLA 29 U.S.C. § 2601, et seq., as interpreted by 29 C.F.R. § 825, et seq., for

discrimination, failure to rehire, wrongful termination and for Retaliation as follows.

Plaintiff will prove that:

- She engaged in the **protected activities** of requesting FMLA time off, requesting authorization according to Walmart's policy, filing a Complaint with the EEOC for wrongful termination, Age and Disability discrimination, and Retaliation.

- Walmart took **negative action** against her by failing to authorize absences or tardies, changing her scheduled hours to inhibit family obligations, unlawfully terminating her, failing to rehire her, denying the opportunity to mediate and further retaliating by stating she must sign an agreement that she would never apply to Walmart for employment again, would not disparage Walmart (denying freedom of speech) and would give up her lawsuit against them (without compensation of any kind) among other things.

- There is a distinct and obvious **causal link** between the Plaintiff's legally protected activities and the Defendant, Walmarts' actions. The Plaintiff worked for Walmart for nearly two years before the Retaliatory actions started with no issues. It was a mere two months from the legally protected request for FMLA until the Plaintiff was illegally terminated and then the refusal to rehire one month later. The retaliation continued with Walmarts refusal to mediate the legally protected action of the EEOC charge. The Retaliation continues to the present by Walmart refusing to hire or rehire, their demand that the Plaintiff should be denied her right to free speech, her right to sue and her right to apply for employment

2

## Jurisdiction

2.      Jurisdiction is proper in the District of Colorado pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 2617(a)(2).

## Venue

3.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. §

1391(b)(2) as the complained of employment actions occurred in the State of Colorado.

## Parties

4.      Ms. Kahler is a 67 year old female who resides in Otero County, Colorado.

5.      Ms. Kahler worked for Wal-Mart Stores, Inc. as a fitting room/sales

associate at Store #1384 from May 14, 2014 until her employment was involuntarily

terminated on April 3, 2016.

6.      Ms. Kahler was an "eligible employee" within the meaning of 29 U.S.C. §

2611(2) of the FMLA having worked more than a year and 1250 hours.

7.      Wal-Mart Stores, Inc. is a corporation doing business in good standing in

the State of Colorado.

8.      Wal-Mart Stores, Inc. conducts business in La Junta, Colorado at Store #

1384 located at 6 Conley Road, La Junta, Colorado, 81050. GM, Jonna Leggitt.

9.      Wal-Mart Stores, Inc. is an "employer" within the meaning of 29 U.S.C. §

2611(4) of the FMLA.

## Factual Allegations

10.      Ms. Kahler worked for Wal-Mart Stores, Inc. at Store #1384 in La Junta

from or about May 14, 2014 until her employment was terminated on April 3, 2016.

11.      During her employment with Wal-Mart Stores, Inc. Ms. Kahler began to

*3*

suffer from a work and age-related medical condition that required medical assistance.

12.     As a result of her recurring medical condition Ms. Kahler submitted paperwork to take her 12 weeks of leave under the FMLA on or about February 20th, 2015.

13.     Ms. Kahler requested FMLA leave on three separate occasions.

14.     Ms. Kahler submitted her first FMLA request to "Kathy Shanaman" in Personnel for knee surgery and recovery time. The second was to extend leave.

15.     "Kathy" rejected Ms. Kahler's first request for FMLA leave because she claimed the Plaintiff was not eligible. Unpaid LOA was granted for the absence.

16.     Ms. Kahler then verbally submitted her third request for FMLA leave approximately eleven months later to "Tina," a Department Manager of Store #1384 for leave to care for a family member for three days.

17.     "Kathy" rejected Ms. Kahler's third request for authorization of FMLA leave stating hours worked had to be consecutive (not true) and therefore Ms. Kahler was not eligible. Ms. Kahler then requested that the days off be authorized.

18.     Finally, on or about February 12th, 2016 Ms. Kahler again requested finalization of authorization for FMLA leave or authorization for all three days.  Proof for the family members' medical condition was offered to "Kathy" but was refused.

19.     Ms. Kahler never received any written notice that her final FMLA request or authorization had been granted or rejected.

20.     Ms. Kahler never received any written notice stating whether she was eligible for FMLA leave or whether all three consecutive days were granted or denied.

21.     Ms. Kahler never received any written notice that her requested leave

4

would not be designated as FMLA-qualifying or that one day of the three consecutive day family leave request was being disqualified from authorization for an unknown reason.

22.     According to Wal-Mart Stores, Inc. attendance records, from May 14, 2014 through January 29, 2016 Wal-Mart Stores, Inc. recorded Ms. Kahler's' absences as **authorized** occurrences under the FMLA, LOA and Walmart's attendance policy.

23.     From January 30, 2016 through April 2, 2016 Wal-Mart Stores, Inc. illegally recorded each of Ms. Kahler's' absences and tardies as **unauthorized** for unknown reasons. All were called in and recorded on attendance line and reported to management as required. Failing to authorize these events is in fact illegal, retaliatory action on Walmarts part. The Plaintiff was treated differently from other associates requesting time off. HR, Kathy Shanaman and GM Jonna Leggitt failed to adhere to Walmart policy. Authorized occurrences are not to be counted against employees.

24.     As a result of three of these dates Wal-Mart Stores, Inc. voluntarily terminated Ms. Kahler's' employment for alleged excessive absence and tardies.

25.     At the time her employment was involuntarily terminated, Ms. Kahler believed that her absences and late-ins were authorized since she had called in for each legitimate occurrence and had been authorized by department managers.

26.     "Kathy" stated to Ms. Kahler that she would be eligible to reapply for employment after waiting 30 days.

27.     Ms. Kahler reapplied on the Walmart careers website on May 4, 2016 and continued to reapply every 60 days as required by Walmart policy.

28.     Ms. Kahler attended an open hiring event proving that Walmart was actively hiring new associates for a variety of openings and was interviewed by "Mona."

29.     No offers of employment resulted. No written refusal of employment were offered to state reason for refusal to rehire.

30.     Ms. Kahler filed a charge of age and disability discrimination with the EEOC on February 24, 2017. Her intake interview was conducted by Alejandra Harguth. Filing any charge with the Equal Employment Opportunity Commission is a legally protected act. Retaliation consisting of negative actions against the Plaintiff are illegal.

31.     Walmart filed their 'position statement' with the EEOC on or about March 16, 2017. The Littler letter stated Walmart would not be open to mediation. Refusing to discuss or mediate is a negative action which indicates further retaliation.

32.     Ms. Kahler was prevented from responding to this 'position statement' by EEOC failing to notify her (as required by their policy) of Walmart's action against her. The Plaintiff chose to immediately request a Right to Sue letter from the EEOC for this Retaliation charge because of their prior failures to properly administer her Age and Disability Discrimination case #541-2017-00905.

33.     Ms. Kahler was first made aware of the case #541-2017-00905 being closed on or about September 16, 2018 when she received a case closed letter and a 'right to sue letter' from Sandra Nakata at the EEOC.

34.     Any failure to exhaust administrative remedies is the fault of the EEOC.

### Cause of Action – Retaliation and FMLA Violations

35.     Plaintiff herein incorporates paragraphs 1 through 34 by reference.

36.     Wal-Mart Stores, Inc. failed to comply with the FMLA Employer Notice

6

Requirements contained in 29 C.F.R. § 825.300 by failing to provide Ms. Kahler an eligibility notice, rights and responsibilities notice, and a designation notice.

37.     29 C.F.R. § 825.300(e) states that a, "Failure to follow the notice requirements set forth in this section may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights."

38.     29 U.S.C. § 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. Walmart, by and through their agents GM Jonna Leggitt and HR Kathy Shanaman illegally terminated and failed to rehire the Plaintiff when she opposed then demanded to exercise her legal rights under the FMLA.

39.     By failing to follow the FMLA Employer Notice Requirements Wal-Mart Stores, Inc. interfered with, restrained, or otherwise denied Ms. Kahler the exercise of her FMLA rights. These are Retaliatory actions against the Plaintiff which are unlawful, negative and against their own policy.

40.     Wal-Mart Stores, Inc.'s failure to comply with the FMLA Employer Notice Requirements caused the termination of Ms. Kahler's employment by not providing her the notice or information necessary to determine that her absences from work would not be counted as FMLA leave nor would they be otherwise authorized for any reason.

41.     Walmart failed to follow their own policy of authorizing appropriate absences as they did with other similarly situated associates.

42.     Per Walmart's attendance policy, authorized absences are not to be counted as occurrences on the employees attendance record.

7

43.   "Kathy" in Walmart personnel began retaliatory actions against Ms. Kahler by taking the negative job action of not authorizing the requested day off.

44.   "Kathy" in personnel and Jonna Leggitt, Walmart General Manager, punished Ms. Kahler by counting this day as an occurrence after Ms. Kahler opposed and complained of illegally denying her FMLA or in authorizing the occurrence appropriately. This proves the employer was aware of the protected activity.

45.   Walmart's statement in the Littler letter that the Plaintiff was terminated for a valid business reason is 'pretext' and blatantly false. The Plaintiff was well-qualified, as proven by her two years of employment, her outstanding reviews and lack of valid complaints; her dependability and willingness to work extra shifts and assist and train others was well-known and appreciated within the store.

46.   Walmart's refusal to rehire was based on age and disability discrimination and was an illegal retaliatory action.

47.   Walmart continues Retaliation to the present day by denying employment to Ms. Kahler based on her legal action of filing an EEOC charge of age and disability discrimination, filing a legal lawsuit for same and now this charge of Retaliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Backpay in amount equal to lost compensation and benefits;

2. Damages for all other monetary losses sustained as a direct result of the violations;

3. Reinstatement or front pay in lieu thereof;

4. Emotional and mental health damages;

5. Punitive damages;

8

6. Pre- and post- judgment interest at the highest statutory rate;

7. Costs and attorney's fees whether or not Appointment of Counsel occurs pursuant to Fed. R. Civ. P. 54 and 29 U.S.C. §2617; and

8. All other legal or equitable relief the court deems appropriate (see attached request.)

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial for all issues triable by jury or other equitable solution or settlement as determined by this just and impartial Court.

Respectfully submitted this 27th day of May, 2020.

Mary Lee Kahler, Plaintiff pro se
Mary Lee Kahler
7 Trail Road
La Junta, CO 81050
Telephone: (719) 469-0219
Email: marykahler@msn.com
Plaintiff, pro se

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May 2020, RETALIATION COMPLAINT was filed and provided to the Court and will be forwarded to appropriate Counsel for the Defendant via email and by first class mail at the appropriate time addressed as follows:

US District Court Clerk
US District Court
Alfred Arraj US Courthouse
901 19th ST
Denver, CO 80294-3589


BAIRD QUINN LLC
J. Mark Baird
Beth Doherty Quinn
Baird Quinn LLC
2036 East 17th Avenue
Denver, CO  80206
Telephone:  (303) 813-4500

jmb@bairdquinn.com

bdq@bairdquinn.com

Attorneys for Defendant


Mary Kahler

Mary Kahler

Pro Se Plaintiff


10

## E.   ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

☑ Yes (***You must attach a copy of the administrative charge to this complaint***)

☐ No

Have you received a notice of right to sue? (*check one*)

☑ Yes (***You must attach a copy of the notice of right to sue to this complaint***)

☐ No

## F.   REQUEST FOR RELIEF
*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*   SEE ADDITIONAL 2 PAGE F. REQUEST FOR RELIEF

## G.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Mary Kahler*
(Plaintiff's signature)

MAY 27, 2020
(Date)

(Revised December 2017)

May 27, 2020

To the Court and Counsel for the Defendants,

Please find attached Breakdown and Explanation of Request for Relief.

This is the initial breakdown to help the Court and Counsel for the Defendants understand how the Plaintiff, Mary Lee Kahler, came up with the values stated for relief.

Mary is open to negotiating values with appropriate experts on valuation of damages.

### F. REQUEST FOR RELIEF

Back wages at $10/hr, 32 hours/week from 04/03/2016 to 04/03/2019...............$48,000
Additional year of back wages at $11/ hr waiting for lawsuit to resolve.............$17,600
Forward wages at current and future rate which would include raises, and all
    increases in an amount to cover the 3 loans this job was intended to pay for......$55,000
Differential in Social Security payments because of early request....................$27,000
Mental and emotional distress compensation, loss of self-sufficiency, loss of
    self-esteem, inability to invest or focus, stress, anxiety, panic attacks and
    depression from defamation by general manager................................$4,000,000
Punitive damages in the amount of four years management salary...................$400,000
                                            --------------
                                   Total     $4,547,600

### BREAKDOWN AND EXPLANATION OF REQUEST FOR RELIEF

**Back wages:** Mary was at $10/hour at termination. Walmart doesn't allow associates to work more than 32 hours per week because of benefits they would have to pay if they were full time employees. The beginning wage changed to $11/hour on or about 01/01/2019. 32 x 50 weeks (1,600 hours) times 3 years (4,800 hours) times $10 equals **$48,000**. This has increased by $8,000 from original request because of time passed. (This doesn't factor change in minimum wage increase to $11/hour.) These are lost wages; she was unable to pay her obligations.

**Forward wages:** Mary would have been eligible for the rate of at least $11/hour plus raises based on performance. $11 times 32 hours per week times 50 weeks per year equals $17,600/year max. She would have to work an additional 3 to 4 years in order to pay back obligations $52,800 to $70,400 for student loans and Home Equity Line of Credit taken out to pay for roof on home. Student loans and HELOCs are not dischargeable in bankruptcy. She was forced to file Chapter 7 bankruptcy individually. Minimum wage is now $12/hr since 01/01/2020

1

**Differential in Social Security:** The amount requested is an estimate and would need to be verified by Social Security Administration. Based upon a wage of $17,600 per year versus zero dollars per year, over the life of the recipient a $27,000+- difference would be expected.

**Mental and emotional distress compensation:** She has no way of itemizing a value for each of the damages listed below. Mary has suffered from each of these since her termination and the refusal of management to rehire her. The ongoing insults and increasing defamation from management and human resources department has only added to all the following symptoms of the mental and emotional distress she has experienced. The failure of Walmart to mediate or talk to Mary directly has done nothing but cause more confusion and delay in resolving this issue. Another year has been used up in torturous mind-numbing litigation with counsel who knows nothing of actual Walmart policy. All issues are escalating.

> Loss of self-sufficiency – no travel, no credit cards, no disposable income
>
> Loss of self-esteem – no job, no gainful employment, no faith in her worth or abilities
>
> Inability to invest – no Walmart stock, no real estate loans available to unemployed
>
> Inability to focus – easily distracted, depression, lack of concentration, poor sleep
>
> Extreme stress – financial concerns, overwhelming anxiety over debt, sleeplessness
>
> Extreme anxiety – social situations with embarrassment and judgment by everyone
>
> Panic attacks – irrational fear of going out into normal situations like shopping, job
>
> searches, events such as festivals, art shows, classes and more
>
> Depression from defamation by General Manager & others – loss of trust in humanity

**Punitive damages:** Plaintiff considers the actions of Walmart's general manager, Jonna Leggitt, intentional, especially egregious, harmful and prime examples of **manifest injustice** in the workplace. Her actions are against Walmart's policy of care and concern for the individual, care and concern for the associate and are ethically at odds with "respecting the individual"

"Personal and moral integrity is one of our basic fundamentals and it has to start with each of us." – **Sam Walton, founder of Walmart Stores**

The Plaintiff is aware that Punitive damages amount will have its' own rules and calculations according to other relief granted as well as the court's discretion.  This punitive amount is included as a suggestion and is not limited to that amount. It is intended to deter future unnecessary, unfair or detrimental conduct by management.

*Mary Lee Kahler*
Mary Lee Kahler
Plaintiff, pro se
7 Trail Rd
La Junta, CO 81050
719-469-0219  marykahler@msn.com

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

## F. REQUEST FOR RELIEF

Back wages at $10/hr, 32 hours/week from 04/03/2016 to 04/03/2019...............$48,000
Additional year of back wages at $11/ hr waiting for lawsuit to resolve..............$17,600
Forward wages at current and future rate which would include raises, and all
   increases in an amount to cover the 3 loans this job was intended to pay for.......$55,000
Differential in Social Security payments because of early request.................:.....$27,000
Mental and emotional distress compensation, loss of self-sufficiency, loss of
  self-esteem, inability to invest or focus, stress, anxiety, panic attacks and
   depression from defamation by general manager................................$4,000,000
Punitive damages in the amount of four years management salary...................$400,000

---------------

                                     Total    $4,547,600

Date: _5/27/2020_

_MaryLeeKahler_
(Plaintiff's Original Signature)

_7 TRAIL RD_
(Street Address)

_LA JUNTA, CO 81050_
(City, State, ZIP)

_719-469-0219_
(Telephone Number)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 541-2020-01101 |

| Colorado Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mary Kahler** | **(719) 383-2459** | **1953** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7 Trail Rd, La Junta, CO 81050** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WALMART STORE  1384** | **500 or More** | **(816) 772-0932** |

| Street Address | City, State and ZIP Code |
|---|---|
| **6 CONLEY RD, La Junta, 81050** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-03-2019**  Latest **01-16-2020**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**On February 24, 2017, I filed a charge of discrimination with the EEOC 541-2017-00905.  Since then and continuing, I have applied for numerous positions for which I qualify, however, I have only been interviewed once.  Beginning May 4, 2016, I have renewed my application per policy of every 60 days, but still have been denied interview and/or rehire.  On January 16, 2020, I received an email from Respondent attorney stating that "Among other things, you would be required to agree to dismiss your lawsuit, release/waive your claims, acknowledge that you've been paid all wages due to you, not disparage Walmart, and not reapply for employment.  These are standard terms in cases like this."  This to me supporting retaliation for filing the original EEOC complaint.**

**I believe I have been discriminated against because of my age - 63, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended; because of a disability, within the meaning of the Americans with Disabilities Act of 1990 (ADA), as amended, in violation of the ADA both in retaliation for participating in a protected activity.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| _2/21/2020_                        _Mary Kahler_  Date                        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   Mary Kahler<br>7 Trail Rd<br>La Junta, CO 81050 | From:   Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **541-2020-01101** | **Christopher D. Padilla,**<br>**Supervisory Investigator** | **(303) 866-1336** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| ☐ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☒ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☒ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Amy Burkholder,**
**Director**

MAR 0 2 2020

*(Date Mailed)*

Enclosures(s)

cc:

WALMART STORE 1384
6 CONLEY RD
La Junta, 81050

Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

> In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

> **Only one** major life activity need be substantially limited.

> With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

> An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

> An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

> An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

> "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

> The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

> A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**Mary, Walmart is hiring.**

Walmart Jobs (via Jobcase) <info@post.jobcase.com>
Tue 5/12/2020 10:09 AM

**To:** marykahler@msn.com <marykahler@msn.com>          *EXHIBIT*

**JOB ALERT!**

**Walmart** in 81050                                    

# Mary, Walmart job openings for you!

**Walmart** ⟩⟨

### Cashiers & Front End Associates                   ❯
**Walmart**
La Junta, CO
POSTED ON MAY 11, 2020

### Stockers; Backroom & Receiving Associates        ❯
**Walmart**
La Junta, CO
POSTED ON MAY 11, 2020

### Cart Attendants & Janitorial Associates           ❯
**Walmart**
La Junta, CO
POSTED ON MAY 11, 2020

### Vision Center Associates                          ❯
**Walmart**
La Junta, CO
POSTED ON MAY 11, 2020

### Sales Associates          *WALMART IS ALWAYS HIRING*  ❯
**Walmart**

*1*

La Junta, CO

POSTED ON MAY 11, 2020

### Department Managers
**Walmart**

La Junta, CO

POSTED ON MAY 11, 2020

❯

### Asset Protection Associates
**Walmart**

La Junta, CO

POSTED ON MAY 11, 2020

❯

### Tire & Lube Technicians
**Walmart**

La Junta, CO

POSTED ON MAY 11, 2020

❯

## OTHER AVAILABLE JOBS

**Wendy's**

### Crew member
**Wendy's**

LA JUNTA, CO

POSTED ON MAY 11, 2020

**View Job**

**Wendy's**

### Assistant General Manager
**Wendy's**

LA JUNTA, CO

POSTED ON MAY 11, 2020

**View Job**

*Mary Kahler*
*5/27/2020*

2

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARY KAHLER

**DEFENDANTS**
WAL-MART STORES, INC.

**(b)** County of Residence of First Listed Plaintiff   OTERO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   BENTON
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
7 TRAIL ROAD, LA JUNTA, CO 81050 719-469-0219

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☒ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation -
     Transfer

☐ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   HELP W/STATUTES, PLEASE
TITLE VII, ADA, ADEA, RETALIATION  FMLA
Brief description of cause:
RETALIATION, WRONGFUL TERMINATION, FMLA VIOLATION, FAILURE TO REHIRE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $   4,547,600

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE  MARTINEZ   DOCKET NUMBER  18-cv-03162

DATE
05/27/2020

SIGNATURE OF ATTORNEY OF RECORD
MARY KAHLER   PRO SE

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____