IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01536–WJM–KMT

MARY KAHLER,

    Plaintiff,

v.

WAL-MART STORES, INC aka WALMART, INC,

    Defendant.

---

## ORDER

---

Before the court is "Defendant Walmart Inc.'s Motion to Set Aside Clerk's Entry of Default Judgment [sic]."[1] (["Motion"], Doc. No. 16.)  Plaintiff has responded in opposition to the Motion, and Defendant has replied.  (["Response"], Doc. No. 22; ["Reply"], Doc. No. 25.) For the following reasons, the Motion is GRANTED.

### STATEMENT OF THE CASE

Plaintiff Mary Kahler, proceeding *pro se*,[2] brings this lawsuit against her former employer, Defendant Walmart Stores, Inc., alleging violations of the Americans with Disabilities

---

[1] The present Motion is more accurately described as a motion to set aside the entry of default, given that default judgment has not yet been entered.  *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).").

[2] Mindful of Plaintiff's *pro se* status, the court "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S.

Act ["ADA"], 42 U.S.C. §§ 12101, *et eq.*, the Age Discrimination in Employment Act of 1967 ["ADEA"], 29 U.S.C. § 621 *et seq.*, the Family and Medical Leave Act of 1993 ["FMLA"], 29 U.S.C. §§ 2601 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended ["Title VII"], 42 U.S.C. §§ 2000(e) *et seq.*.  (["Complaint"], Doc. No. 1.)  Kahler, a female over the age of sixty-five, worked for Walmart as a fitting room/sales associate, from May 14, 2014, until her termination on April 3, 2016.  (*Id.* at 7 ¶¶ 4-5.)  According to the Complaint, shortly after Kahler was hired by Walmart, she "began to suffer from a work and age-related medical condition that required medical assistance."  (*Id.* at 7-8 ¶ 11.)  Due to this "recurring medical condition," on February 20, 2015, Plaintiff reportedly submitted a request to Defendant's HR representative, Kathy Shanaman, for "12 weeks of leave under the FMLA," as well as a second request "to extend leave," relating to "knee surgery and recovery time."  (*Id.* at 8 ¶¶ 12-14.)  Ms. Shanaman is said to have "rejected" the FMLA leave requests, on the stated basis that Plaintiff "was not eligible."  (*Id.* at 8 ¶ 15.)

Eleven months later, in January 2016, Plaintiff reportedly "verbally submitted" a third FMLA leave request to "Tina," Walmart's Department Manager of Store #1384, "for leave to care for a family member for three days."  (*Id.* at 8 ¶ 16.)  That request was also said to be "rejected" by Ms. Shanaman, on the purportedly "not true" basis that "hours worked had to be consecutive."  (*Id.* at 8 ¶ 17.)

On February 12, 2016, Plaintiff is said to have "again requested finalization of authorization for FMLA leave or authorization for all three days."  (*Id.* at 8 ¶ 18.)  Plaintiff

---

519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

complains that, even though "[p]roof for the family members' medical condition was offered," Ms. Shanaman, once again, "refused" the FMLA request. (*Id.*) Plaintiff now alleges that she "never received any written notice" regarding whether any of her FMLA requests "had been granted or rejected," or even as to "whether she was eligible for FMLA leave." (*Id.* at 8-9 ¶¶ 19-21.) Kahler further alleges that Walmart "illegally recorded" each of her "absences and tardies as unauthorized for unknown reasons." (*Id.* at 9 ¶ 23.) Plaintiff is adamant that her former employer, by "[f]ailing to authorize these events," engaged in "illegal, retaliatory action." (*Id.*) Plaintiff also complains that she "was treated differently from other associates who requested time off." (*Id.*)

On April 3, 2016, Walmart terminated Kahler's employment "for alleged excessive absences and tardies." (*Id.* at 9 ¶ 24.) Kahler claims that, after she was fired, Ms. Shanaman "stated to [her] that she would be eligible to reapply for employment after waiting 30 days." (*Id.* at 9 ¶ 26.) Plaintiff reportedly then "reapplied on the Walmart careers website on May 4, 2016 and continued to reapply every 60 days as required by Walmart policy." (*Id.* at 9 ¶ 27.) Although Kahler ultimately "attended an open hiring event" hosted by Walmart, where she "was interviewed" for a position by "Mona," she complains that "[n]o offers of employment resulted," and no "state[d] reason for refusal to rehire" was given. (*Id.* at 10 ¶¶ 28-29.)

Nearly eleven months after her termination, on February 24, 2017, Plaintiff filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission ["EEOC"]. (*Id.* at 10 ¶ 30.) Walmart filed a response to the EEOC charge on March 16, 2017, reportedly stating that it "would not be open to mediation." (*Id.* at 10 ¶ 31.) On September 16, 2018, Plaintiff received notice of her right to sue from the EEOC. (*Id.* at 10 ¶ 33.) Three months

later, on December 10, 2018, Kahler filed suit against Walmart and its store manager, Jonna Leggitt,[3] asserting claims under the ADA, the ADEA, and Title VII for wrongful discharge, failure to hire, failure to promote, and retaliation.  Complaint, *Kahler v. Leggitt* ["*Kahler I*"], No. 1:18-cv-03162-WJM-KMT, 2019 WL 3928622 (Aug. 20, 2019), *appeal dismissed* 2019 WL 8301054 (10th Cir. Oct. 11, 2019).  Plaintiff's claims in *Kahler I* were ultimately dismissed, on August 20, 2019.[4]  *Kahler I*, 2019 WL 3928622, at *11.  Final judgment was thereafter entered against Kahler, on January 10, 2020, and the *Kahler I* case was dismissed.[5]  *Kahler I*, No. 18-cv-3162-WJM-KMT, 2020 WL 127974, at *5 (D. Colo. Jan. 10, 2020).

Approximately six months later, on May 29, 2020, Plaintiff filed this, her second, employment discrimination action against Walmart, asserting similar claims for wrongful discharge, failure to hire, disparate treatment, failure to accommodate a disability, and retaliation.  (Compl. 3-4.)  In the present lawsuit, Kahler alleges, among other things, that Walmart interfered with her right to take FMLA leave, in violation of 29 U.S.C. § 2615(a)(1), retaliated against her for attempting to exercise her rights under the FMLA, discriminated against her on the basis of her age and disability, and retaliated against her for filing an EEOC charge.

---

[3] Jonna Leggitt is not a party to the present lawsuit.

[4] The claims against Jonna Leggitt were dismissed with prejudice, for failure to establish grounds for personal liability under any relevant statute.  *Kahler I*, No. 18-cv-3162-WJM-KMT, 2019 WL 3928622, at *4.  Plaintiff's age-based wrongful termination claim against Walmart was dismissed with prejudice as time-barred, the age-based failure to rehire claim was dismissed for failure to satisfy the requisite pleading standard, and the ADA and retaliation claims were dismissed for failure to exhaust administrative remedies.  *Id.* at *4-9.

[5] After the entry of final judgment in *Kahler I*, Plaintiff filed a motion to reopen the case, on January 24, 2020, as well as a motion to appoint counsel, on April 13, 2020.  Both of those motions were denied on August 6, 2020.  *Kahler v. Walmart, Inc.*, No. 18-cv-3162, 2020 WL 4539635, at * 2 (D. Colo. Aug. 6, 2020).  The case in *Kahler I* remains closed.

(*Id.* at 10-12 ¶¶ 35-47.)  As relief, Plaintiff seeks backpay, damages "for all other monetary losses sustained as a direct result of the violations," reinstatement of her position, mental health damages, and punitive damages, as well as interest, costs, and attorneys' fees.  (*Id.* at 12-13 ¶¶ 1-8.)

On June 8, 2020, the Clerk of Court issued a summons as to Walmart.  (Doc. No. 6.)  The Complaint and summons were then served upon Walmart's registered agent, on June 22, 2020.  (Doc. No. 8.)  After Walmart failed to answer or otherwise respond to the Complaint by the July 13, 2020 deadline, on August 12, 2020, Kahler moved for entry of default, pursuant to Federal Rule of Civil Procedure 55(a).  (Doc. No. 9.)  The Clerk then entered default against Walmart on August 14, 2020.  (Doc. No. 10.)  Eleven days later, on August 25, 2020, Walmart filed the present Motion, asking to set aside the entry of default.  (Mot. 1.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(c) authorizes a court to set aside an entry of default "for good cause shown."  Fed. R. Civ. P. 55(c).  "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted); *see also Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (noting that the "preferred disposition of any case is upon its merits and not by default judgment").  In evaluating whether to set aside the entry of default, relevant factors include "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."  *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (quoting

*Pinson v. Equifax Credit Info. Servs.*, 316 F. App'x 744, 750 (10th Cir. 2009)).  These factors are nonexclusive; the court may consider other factors in its discretion.  *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005) (citing *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).  The decision whether to set aside an entry of default lies within the discretion of the trial court.  *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

## ANALYSIS

### I.  *Whether Default was "Willful"*

The first factor addresses whether the default was "willful," or otherwise resulted from Defendant's "culpable conduct."  *Watkins*, 551 F. App'x at 958; *Hunt v. Ford Motor Corp.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (table decision).   "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."  *Hunt*, 65 F.3d at *3.  In general, "a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *Cincinnati Specialty Underwriters Ins. Co. v. Urbano*, 687 F. App'x 778, 780 (10th Cir. 2017) (unpublished) (citation omitted).  "A late filing, without more, does not make a party's conduct willful for purposes of Rule 55(c)."  *AmAir, Inc. v. Gapex Aviation SP. Z O.O.*, No. 15-cv-02596-CMA-KLM, 2016 WL 9735732, at *2 (D. Colo. Nov. 16, 2016); *see Watkins*, 551 F. App'x at 958 (setting aside default, where the defendant failed to file an answer); *see also Crapnell v. Dillon Cos., Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015) (stating that "an unintentional or good faith mistake is not considered culpable conduct for purposes of Rule 55(c)").

In the present Motion, Defendant explains that it was served Plaintiff's Complaint, on June 22, 2020, which was "during a time of reduced staffing due to the [COVID-19] pandemic." (Mot. 7.)  Walmart reports that, due to a resulting "administrative oversight," the Complaint and summons in this lawsuit "were no[t] properly calendared, processed or assigned to outside counsel." (*Id.* at 5, 7.)  According to Defendant, "[o]nce Walmart learned of the lawsuit through its receipt of the Motion for Entry of Default, it promptly engaged outside counsel to enter an appearance and file the instant Motion." (*Id.* at 7.)

Here, as to the first factor, the court is satisfied that Defendant's conduct was not willful and that its intentions were to defend the case.  The circumstances surrounding Walmart's failure to file a timely response to the Complaint suggest conduct that rises to the level of, at most, negligence.  *See AmAir*, 2016 WL 9735732, at *3 (finding the first factor to show "excusable reasons for default," where the defendant's corporate officer "mistakenly" filed the defendant's Answer "without the assistance of an attorney").  Accordingly, the first factor supports setting aside the entry of default.

## II.  *Where Setting Aside Default Would Prejudice Plaintiff*

As to the second factor, the court must consider whether Plaintiff would suffer prejudice, if default were to be set aside.  *Watkins*, 551 F. App'x at 958.  "Prejudice requires 'more than mere delay' or an increase in litigation costs." *AmAir*, 2016 WL 9735732, at *3 (quoting *Pharmatech Oncology v. Tamir Biotechnology*, No. 11-cv-01490-LTB-KMT, 2011 WL 4550202, at *10 (D. Colo. Oct. 3, 2011)).  Rather, Plaintiff must show prejudice "in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Pharmatech Oncology*, 2011 WL 4550202, at *10

(quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998)).  "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to [the] plaintiff except to require [her] to prove [her] case."  *Crapnell*, 2015 WL 328524, at *7 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).

In her Response, Kahler argues that Walmart "is knowingly and intentionally using statute of limitations in [its] favor to achieve time-barred situations which cause extreme prejudice to the Plaintiff."  (Resp. 8.)  Aside from that conclusory allegation, however, Plaintiff fails to explain specifically *how* the brief delay caused by Defendant's failure to respond to the Complaint has affected the viability of any of her claims.  *See Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972, at *6 (D. Colo. July 18, 2018) (rejecting a similar argument regarding the statute of limitations, and noting that "[s]etting aside the entry of default will not result in dismissal of any of [the plaintiff's] claims").  In this case, Walmart's counsel entered their appearances six days after the Clerk's entry of default, and then filed the present Motion within eleven days of the entry of default.  (*See* Doc. Nos. 11-12.)  The court does not find that this "slight delay" will prejudice Plaintiff's ability to prosecute her case.  *See Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *3 (D. Colo. July 7, 2006) (finding no prejudice where the defendant's attorney entered an appearance seven days after the clerk's entry of default, and where the motion to set aside default was filed within ten days of the entry of default); *Currie v. Woods*, 112 F.R.D. 408, 410 (E.D.N.C. 1986) (finding no prejudice, where the motion to set aside default was filed eighteen days after default was entered).  Accordingly, this factor also favors Defendant.

### *III. Whether Defendant has Presented a "Meritorious Defense"*

The final factor addresses whether the defaulting party has presented "a meritorious defense." *Watkins*, 551 F. App'x at 958. In general, "a motion under Rule 55(c) will be granted only after a defendant has shown that [it] has a meritorious defense to the action." *Resolution Trust Corp. v. Colo. 126 P'ship*, 746 F. Supp. 35, 37 (D. Colo. 1990) (citation omitted). "The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.*

In this case, there is no question that Walmart has presented meritorious defenses to Plaintiff's claims. Walmart alleges, specifically, that Kahler's ADA, ADEA, and Title VII claims are barred by the doctrine of *res judicata*, based on the final judgment in *Kahler I*. (Mot. 8.) Defendant likewise alleges that Plaintiff's remaining FMLA claims are subject to the FMLA's two-year and three-year statutes of limitations. (*Id.* at 9.) Defendant's assertions, if proven true at trial, could lead to an outcome "contrary to the result achieved by the default." *Resolution Trust Corp.*, 746 F. Supp. at 26. Thus, this factor also supports setting aside the entry of default. *See Zen & Art*, 2006 WL 1883173, at *3 (finding the third factor to favor setting aside default, where the defendant asserted specific statute of limitations defenses to the plaintiff's claims).

On this record, then, Defendant has established good cause under Rule 55(c) to warrant the setting aside of the Clerk's entry of default.

Accordingly, it is

**ORDERED** that "Defendant Walmart Inc.'s Motion to Set Aside Clerk's Entry of Default Judgment" (Doc. No. 16) is **GRANTED**. The Clerk's Entry of Default (Doc. No. 10) is **VACATED**.

This 14th day of December, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge