IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01536–WJM–KMT

MARY KAHLER,

    Plaintiff,

v.

WAL-MART STORES, INC aka WALMART, INC,

    Defendant.

---

## ORDER

---

Before the court is "Plaintiffs' [sic] Motion to Request Recusal of Magistrate Judge Kathleen Tafoya." (["Motion"], Doc. No. 45.) In the Motion, Plaintiff asks that the undersigned recuse herself from this case, so as to "allow the Court to give the original Complaint to an unbiased judge or magistrate judge for a de novo assessment on the merits." (*Id.* at 7.) Defendant has responded in opposition to the Motion. (["Response"], Doc. No. 50.) No reply has been filed, and the time to do so has lapsed. For the following reasons, the Motion is DENIED.

### STATEMENT OF THE CASE

*Pro se* Plaintiff Mary Kahler ["Kahler"][1] commenced this lawsuit against her former employer, Defendant Walmart Stores, Inc. ["Walmart"], on May 29, 2020, asserting violations of

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United*

the Americans with Disabilities Act ["ADA"], 42 U.S.C. §§ 12101, *et eq.*, the Age Discrimination in Employment Act of 1967 ["ADEA"], 29 U.S.C. § 621 *et seq.*, the Family and Medical Leave Act of 1993 ["FMLA"], 29 U.S.C. §§ 2601 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended ["Title VII"], 42 U.S.C. §§ 2000(e) *et seq.*. (["Complaint"], Doc. No. 1.)  In her Complaint, Kahler alleges, among other things, that Walmart interfered with her right to take FMLA leave, in violation of 29 U.S.C. § 2615(a)(1), retaliated against her for attempting to exercise her rights under the FMLA, discriminated against her on the basis of her age and disability, and retaliated against her for filing an EEOC charge.  (*Id.* at 10-12 ¶¶ 35-47.)  As relief, Plaintiff seeks backpay, damages "for all other monetary losses sustained as a direct result of the violations," reinstatement of her position, mental health damages, and punitive damages, as well as interest, costs, and attorneys' fees.  (*Id.* at 12-13 ¶¶ 1-8.)

After Walmart failed to answer or otherwise respond to the Complaint by the July 13, 2020 deadline, on August 12, 2020, Kahler moved for entry of default, pursuant to Federal Rule of Civil Procedure 55(a).  (Doc. No. 9.)  The Clerk then entered default against Walmart on August 14, 2020.  (Doc. No. 10.)  Eleven days later, on August 25, 2020, Walmart filed a motion to set aside the entry of default, stating that it failed to timely respond to the Complaint, due to an "administrative oversight" caused by complications surrounding the COVID-19 coronavirus pandemic.  (Doc. No. 16.)  That motion was then referred to the undersigned by the presiding United States District Judge, William J. Martinez.  (Doc. No. 17.)

---

*States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

While Defendant's motion to set aside default was still pending, on December 4, 2020, Plaintiff filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b). (Doc. No. 37.) Ten days later, on December 14, 2020, this court granted Walmart's motion, and vacated the Clerk's entry of default. (Doc. No. 38.) Given that there was "no longer a predicate default," on December 15, 2020, Judge Martinez denied Plaintiff's motion for default judgment, specifically referencing this court's December 14, 2020 Order. (Doc. No. 39.) Both Orders— the undersigned's December 14, 2020 Order, as well as Judge Martinez's December 15, 2020 Order— were then sent to Plaintiff's address of record via United States mail. (Resp. Ex. B.) There is no record of either Order being returned to the court. In addition, by email dated December 16, 2020, Walmart's legal counsel explicitly informed Kahler that "the Court has granted Walmart's Motion to Set Aside Clerk's Entry of Default, and denied your Motion for Default Judgment." (Resp. Ex. C.)

Three weeks later, by letter dated January 5, 2021, Plaintiff filed an Objection to this court's December 14, 2020 Order. (Doc. No. 43.) In the Objection, Plaintiff argued, among other things, that the undersigned "lack[ed] jurisdictional authority" to issue the challenged Order. (*Id.* at 1.) On January 7, 2021, Judge Martinez overruled Plaintiff's Objection, as untimely, specifically noting that Kahler "had until December 31, 2020, at the latest, to file any objection." (Doc. No. 44.)

On January 12, 2021, Kahler filed the present Motion, pursuant to 28 U.S.C. §§ 144 and 445(a), asking that the undersigned recuse herself from this case, "in the name of justice." (Mot. 1, 6-7.) In the Motion, Kahler states that she "strongly believes [the] case is in jeopardy in this magistrate judge's hands." (*Id.* at 6.) Plaintiff requests that the "Complaint (and only the

3

Complaint Doc #1 for a truly de novo opinion) be reassigned to neutral parties who have not been through all the extraneous detrimental issues these cases have experienced." (*Id.*)

## LEGAL STANDARD AND DISCUSSION

### *I. Recusal under 28 U.S.C. § 144*

Plaintiff moves to recuse under two different provisions, 28 U.S.C. § 144 ["Section 144"] and 28 U.S.C. § 455(a) ["Section 455"]. (Mot. 1-2, 6.) Section 144 provides that, if a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings." 28 U.S.C. § 144. "To prevail on a motion under 28 U.S.C. § 144 to recuse a judge, the litigant must file a timely and sufficient affidavit establishing that the judge has a personal bias or prejudice." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *accord Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). "An affidavit must comply with [Section] 144 before it can effectively disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). "And, it is well-settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge." *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010) (alterations and citations omitted); *accord W. Watersheds Project v. Int. Bd. of Land Appeals*, 434 F. Supp. 3d 1257, 1260 (D. Utah 2020) ("Procedurally, the judge against whom an affidavit of bias is filed may determine the affidavit's timeliness and sufficiency.").

Here, Plaintiff has not submitted any supporting affidavit with the present Motion. As such, Plaintiff has failed to establish a basis for recusal under Section 144. *See Toney v.*

*Berkebile*, No. 13-cv-00111-RM-BNB, 2013 WL 6499531, at *2 (D. Colo. Dec. 11, 2013) (denying a motion to recuse for that reason); *see also United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982) (observing that "the procedural requirements of [Section 144], which are quite specific, have been strictly construed," and thus, "actual disqualifications under [the statute] have been rare").

## II. Recusal under 28 U.S.C. § 455

Plaintiff also seeks disqualification of the undersigned, pursuant to 28 U.S.C. § 455. (Mot. 1, 6.) Section 455 provides, in relevant part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Unlike the other recusal provision, Section 455 has "no express procedural hurdles." *Hines*, 696 F.2d at 728. In evaluating whether recusal is warranted under Section 455, "the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted). Rather, "the test in this circuit is 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Id.* (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Id.* (citation omitted) (emphasis in original). "[U]nsubstantiated suggestions, speculations, and opinions are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) (alterations omitted); *accord In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not

substantiated by the facts of record."). There is a "substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial." *McCarthey*, 368 F.3d at 1269 (quoting *Burger*, 964 F.2d at 1070); *see also Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (cautioning that Section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice"). A judge has a "strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).

In seeking recusal under Section 455, Plaintiff argues that the undersigned "lacks jurisdiction" over this case, because "Defendant fail[ed] to file [the] mandatory consent/non-consent form," and because "Plaintiff does not consent to magistrate judge jurisdiction." (Mot. 3.) Plaintiff threatens that she "will continue to Object to any ruling or judgement [sic] put forth by a magistrate judge until it has been acknowledged that the Plaintiff does not consent to that jurisdiction." (*Id.* at 5.) In addition, Plaintiff complains that the undersigned "is basing too many decisions on erroneous information which cannot be erased from her mind, in other words, biased/prejudiced." (*Id.* at 6.) She likewise contends that this case "is being judged on technicalities and procedural issues as opposed to on its merit which shows prejudice against the Plaintiff." (*Id.* at 5.) Kahler takes issue, specifically, with this court's December 14, 2020 ruling on Walmart's motion to set aside the entry of default, arguing that the undersigned essentially "took the side of the Defendant to let them proceed without penalty which was to their benefit thus (the opposite), prejudicing the Plaintiff." (*Id.* at 3.) Plaintiff stresses that "Defendant missed the[] deadline to respond to [the] Complaint by 30 days," and she complains that "Judge Tafoya took four more months (120 days) to respond to that fact." (*Id.* at 4.) In addition,

Plaintiff argues that she "never received the Order or notice that an Order existed from the Court." (*Id.*) She contends that the court now "prejudices the Plaintiff by saying her Objection is time-barred for being 4 days late," despite the fact that Plaintiff "believed the time frame was 21 days, same as the motion deadline." (*Id.* at 5.) In making that argument, Plaintiff emphasizes that she is a *pro se* litigant who "still doesn't know all relevant deadlines." (*Id.*) Plaintiff is adamant that she is entitled to "a specific answer to her Objection based on the arguments detailed within the document." (*Id.*) However, the court finds each of these arguments to be without merit.

First, to the extent that Plaintiff argues that the she "did not consent to magistrate judge jurisdiction," such consent is not required with respect to nondispositive pretrial motions. 28 U.S.C. § 636(b). Here, Judge Martinez appropriately referred Walmart's motion to set aside the entry of default to the undersigned for a ruling. (Doc. Nos. 4, 17.) Because this court's ruling on that motion was nondispositive, the parties' consent to magistrate jurisdiction was irrelevant. U.S.C. § 636(b); *Toney v. Berkebile*, No. 13-cv-00111-RM-BNB, 2013 WL 6499531, at *2 (D. Colo. Dec. 11, 2013) (denying a motion to recuse, where the plaintiff argued that he "did not consent" for the magistrate judge to "reside over" the case). To the extent that Plaintiff takes issue with the substance of the undersigned's ruling, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992)) (internal quotation marks omitted); *see also Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 744-45 (10th Cir. 2005) (denying a litigant's request "to reassign [the] case to a different district judge on remand," and concluding that the litigant's argument—that the complained-of district judge's "track record" in

7

the case "would ca[u]se a reasonable person to question whether justice was being done"—amounted to mere dissatisfaction with the court's legal rulings). Plaintiff does not point to any errors in this court's December 14, 2020 Order, and she does not explain how the Order, or its timing, establishes bias or impartiality, or the appearance of such, under Section 455.[2]

In her Motion, Plaintiff also argues that this case should have been "randomly reassigned" to different judges, given that "these are the same [judges] as her previous case." (Mot. 6.) However, the Local Rules of Practice for the District of Colorado make clear that "[i]f an unrepresented party in a new case . . . had a case terminated within 12 months of the new filing, the new case *shall be assigned* to the judicial officers who were assigned the earlier case." D.C.COLO.LCivR 40.1(d)(1) (emphasis added). Here, Kahler's previous lawsuit against Walmart, which was also assigned to this court, was terminated on January 10, 2020. *Kahler v. Walmart, Inc.*, No. 1:18-cv-03162-WJM-KMT, 2020 WL 127974, at *5 (D. Colo. Jan. 10, 2020). Plaintiff commenced this, her second, employment discrimination action approximately six months later, on May 29, 2020. (Doc. No. 1.) Thus, pursuant to Local Rule 40.1(d)(1), Plaintiff's second lawsuit was correctly assigned to the same judicial officers who presided over her first lawsuit.

---

[2] Plaintiff also argues that the undersigned exhibited "personal bias" against her, "by saying her Objection is time-barred for being 4 days late," despite the fact that Plaintiff "still doesn't know all relevant deadlines." (Mot. 4-5.) However, the undersigned did not issue that particular Order. (Doc. No. 44.) As such, this particular argument fails to establish any basis for the undersigned's recusal. Further, it must be stressed that, even though Plaintiff is proceeding *pro se*, she must still comply with the filing deadlines and requirements set forth in the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *Green v. Dorrell*, 969 F.2d 915, 017 (10th Cir. 1992).

Finally, Plaintiff argues that she "never received" this court's December 14, 2020 Order, or even "notice that an Order existed from the Court." (Mot. 3-4.) However, as stated *supra*, the Orders issued in this case have each been mailed to Plaintiff at the address that she provided. There is no record of any Order being returned to the court. Further, Plaintiff does not explain how the undersigned is responsible for her alleged failure to receive a mailed copy of the December 14, 2020 Order.

On this record, then, Plaintiff has failed to allege any facts that would cause a reasonable person to question the impartiality of the undersigned in this matter. In the absence of such allegations, Plaintiff's motion must be denied.

Accordingly, it is

**ORDERED** that "Plaintiffs' [sic] Motion to Request Recusal of Magistrate Judge Kathleen Tafoya" (Doc. No. 45) is **DENIED**.

Dated this 7th day of April, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

9