**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 20-cv-1536-WJM-KMT

MARY LEE KAHLER,

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

---

**ORDER ADOPTING MAY 10, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 10, 2021 Report and Recommendation of United States Magistrate Judge Kathleen M. Tafoya (the "Recommendation") (ECF No. 57) that the Court grant Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion to Dismiss Plaintiff Mary Lee Kahler's Complaint ("Motion to Dismiss") (ECF No. 40) and deny Kahler's Motion for Leave to Amend Complaint ("Motion to Amend") (ECF No. 51).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the reasons that follow, Kahler's Objection is overruled and the Recommendation is adopted in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the Complaint.[1]

Kahler brings claims against Wal-Mart, her former employer, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e), *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), §§ 2601, *et seq.* (ECF No. 1 ¶ 1.)

Wal-Mart filed its Motion to Dismiss on December 16, 2020, seeking dismissal of Kahler's Complaint in its entirety. (ECF No. 40.) Kahler responded to the Motion to Dismiss on January 6, 2021, and Wal-Mart replied on January 20, 2021. (ECF Nos. 42 & 47.)

Kahler filed her Motion to Amend on February 18, 2021, seeking leave to amend her Complaint to cure certain deficiencies and include additional state law claims. (ECF No. 51.) Wal-Mart responded to the Motion to Amend on March 11, 2021, and Kahler replied on March 24, 2021. (ECF Nos. 54 & 55.)

On May 10, 2021, Judge Tafoya issued her Recommendation that the Motion to Dismiss be granted, the Motion to Amend be denied, and the Complaint be dismissed in its entirety without leave to amend. (ECF No. 57.) Judge Tafoya reasoned that Kahler's claims were barred by the doctrine of claim preclusion because she previously

---

[1] The Court assumes the allegations contained in the Complaint are true for the purpose of resolving the Motion to Dismiss. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

brought an action against Wal-Mart based on the same underlying facts, which the Court dismissed in 2019.  (*Id.* at 15; *see also Kahler v. Walmart, Inc.* ["*Kahler I*"], 2019 WL 3928622 (D. Colo. Aug. 20, 2019).)  She further found that amendment of the Complaint would be futile, as Kahler's proposed factual additions would not cure the claim preclusion issue, and the proposed new claims were barred by the statute of limitations.  (ECF No. 57 at 15–19.)

Kahler filed her Objection to the Recommendation on May 24, 2021.  (ECF No. 58.)  Wal-Mart filed its Response to the Objection on June 21, 2021.  (ECF No. 66.)

## II. LEGAL STANDARD

### A.    Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150

(1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Because Kahler is proceeding *pro se*, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

A.     **Motion to Dismiss**

Wal-Mart asserts that Kahler's claims against it are barred by claim preclusion based on the Court's dismissal of *Kahler I*.  (ECF No. 40 at 8–11.)  Wal-Mart further argues that Kahler fails to plausibly allege facts stating a claim for relief.  (*Id.* at 11–13.)

The doctrine of claim preclusion, or *res judicata*, "precludes the parties . . . from re-litigating issues that were or could have been raised in [a] prior action."  *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002).  Claim preclusion requires: "(1) a final judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."  *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006).

First, Judge Tafoya determined that *Kahler I* was a final judgment on the merits, as the Court dismissed the action with prejudice.  (ECF No. 57 at 9.)  Specifically, the Court dismissed Kahler's wrongful termination claim as time-barred and dismissed her federal claims as barred for failure to exhaust administrative remedies.  *See Kahler I*, 2019 WL 3928622, at *10.

Kahler argues that the Court's dismissal of *Kahler I* was not a final judgment on the merits because "inadequate pleading or failure to exhaust administrative remedies is not based on the essential issue."  (ECF No. 58 at 7–9.)  Notwithstanding its total lack of legal support, Kahler's argument is unavailing because the Supreme Court has stated that a "ruling under Rule 12(b)(6) concerns the merits" of an action for claim preclusion purposes.  *Brownback v. King*, 141 S. Ct. 740, 748 (2021); *see also Wallin v. Dycus*, 2010 WL 924232, at *7 n.8 (D. Colo. Mar. 10, 2010) ("[A] dismissal for failure to state a claim upon which relief can be granted is treated as a judgment on the merits and is

therefore entitled to preclusive effect.").  Accordingly, the first element of the claim preclusion analysis is satisfied.

Second, as Judge Tafoya found, *Kahler I* and the instant action both involve the same parties: Kahler and Wal-Mart; Kahler does not dispute this finding.  *See Kahler I*, 2019 WL 3928622.  The second element is therefore also satisfied.  *See Satasky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) (stating that claim preclusion "is applicable only to parties to the first suit or their privies").

Third, as to the identity of a cause of action for the purposes of claim preclusion, the Tenth Circuit has adopted a "transactional approach."  *City of Eudora, Kan. v. Rural Water Dist. No. 4, Douglas Cnty., Kan.*, 875 F.3d 1030, 1035 (10th Cir. 2017).  Under this inquiry, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence."  *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1240 (10th Cir. 2017).  A court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . . ."  *Hatch*, 471 F.3d at 1149 (quoting Restatement (Second) of Judgments § 24).

Judge Tafoya found that the cause of action was identical, as Kahler's claims in *Kahler I* were similarly based on Wal-Mart's alleged discrimination and wrongful termination of Kahler, and retaliation following her termination by failing to rehire her. (ECF No. 57 at 11–14.)

In her Objection, Kahler argues that the underlying instant action does not arise out of the underlying facts because she continues to apply for employment at Wal-Mart,

and Wal-Mart continues to deny her applications, purportedly in retaliation for her filing the 2017 charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (ECF No. 58 at 11–13; ECF No. 1 ¶¶ 30, 47.)  She also notes that she brings a claim pursuant to the FMLA, which she did not assert previously.  (*Id.* at 8.)

However, as Judge Tafoya discussed, "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes."  *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000); *King v. Union Oil Co. of Calif.*, 117 F.3d 443, 446 (10th Cir. 1997) (finding that employer's termination of employee and subsequent refusal to pay severance benefits were part of a "series of connected transactions" such that discrimination and retaliation claims barred subsequent claim for benefits).

Kahler mentioned her allegedly improper denial of medical leave in her prior action and therefore was on notice of the alleged violation and had the opportunity to bring the claim previously.  *See Kahler I*, 2019 WL 3928622, at *3.  To the extent that Kahler argues that she did not explicitly bring an FMLA claim in her previous action, claim preclusion bars claims that either were or could have been litigated, irrespective of whether a plaintiff in fact brought the claim.  *See Wilkes*, 314 F.3d at 503–04.

Additionally, Kahler brought a claim for failure to rehire pursuant to the ADEA in *Kahler I.*  2019 WL 3928622, at *3.  She now attempts to repackage Wal-Mart's failure to rehire her as retaliation for filing her EEOC charge.  (ECF No. 1 ¶¶ 30, 47.)  Beyond the fact that this failure to rehire arises out of the same employment relationship and closely relates to the circumstances of her termination, Kahler filed her EEOC charge

well before initiating her prior action on December 2018.  *Kahler I*, 2019 WL 3928622, at *2.

Claim preclusion operates to encourage a plaintiff to "explore all facts, develop all theories, and demand all remedies in the first suit."  *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1279 (10th Cir. 2006).  Kahler may not repeatedly assert duplicative claims for failure to rehire by basing the claim on a distinct theory each time where no new adverse action has occurred.  *See id.*; *see also Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 448 (8th Cir. 1979) ("It is well established that *res judicata* prevents a litigant from getting yet another day in court after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights.").

Finding that Kahler's claims were or could have been litigated in *Kahler I*, the Court adopts this portion of the Recommendation, grants the Motion to Dismiss, and dismisses the Complaint with prejudice as barred by claim preclusion.

## B.      Motion to Amend

Kahler seeks leave to amend her Complaint to plead additional state law claims for negligence and defamation, apparently based on Wal-Mart's failure to train its employees to prevent discrimination and statements contained in Wal-Mart's response to Kahler's charge of discrimination.  (ECF No. 51.)  Kahler also seeks to "clarif[y]" her existing claims by including additional facts.  (*Id.* at 4.)

Dismissal of an action is a harsh remedy, and a court may liberally grant a *pro se* litigant leave to cure pleading deficiencies.  *See Hall v. Bellmon*, 935 F.2d 1106, 1109– 10 (10th Cir. 1991).  Such leave is not to be granted, however, where amendment

would be futile.  *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017).

Judge Tafoya found that Kahler's existing claims were barred by the doctrine of claim preclusion, and Kahler's proposed Amended Complaint continues to rely on the same facts and claims underlying *Kahler I* and alleged in her now-dismissed Complaint. (ECF No. 57 at 18; *see generally* ECF No. 51-1.)  Moreover, the statute of limitations governing Kahler's proposed claims for negligence and defamation are two and one years, respectively.  Colo. Rev. Stat. § 13-80-102(1)(a); *id.* § 13-80-103(1)(a).  Judge Tafoya found that, because conduct underlying the tort claims occurred around the time of her termination in 2016, the statute of limitations barred those claims.  (ECF No. 57 at 19.)

In her Objection, Kahler argues that leave to amend should be liberally granted and the deficiency of her claims should be decided after discovery of evidence.  (ECF No. 58 at 13–20.)  She states that she did not learn of the existence of a negligence cause of action until "recently," or of Wal-Mart's response to her EEOC charge until September 2018.  (*Id.* at 18.)  Finally, she asks the Court to apply the doctrine of equitable tolling, arguing that her lack of legal knowledge rendered her incompetent to timely file her claims.  (*Id.* at 20.)

First, even assuming Kahler's tort claims accrued in 2018, she filed her Motion to Amend in February 2021, well outside the one- and two-year statute of limitations for her claims.  (ECF No. 51.)  Second, lack of awareness of the law is not the type of

extraordinary circumstance warranting equitable tolling.[2]  *See Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 150 n.12 (Colo. 2007) (listing examples of extraordinary circumstances in cases where plaintiff was precluded from timely asserting claims such as closure of courts during wartime, unconstitutional law preventing filing, and plaintiff's internment in prison camp).

Amendment to include additional facts or claims as Kahler proposes would not cure the pleading deficiencies in her Complaint.  Accordingly, the Court adopts this portion of the Recommendation and denies the Motion to Amend.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 57) is ADOPTED in its entirety;

2. Kahler's Objection (ECF No. 58) is OVERRULED;

3. Wal-Mart's Motion to Dismiss (ECF No. 40) is GRANTED;

4. Kahler's Motion to Amend (ECF No. 51) is DENIED;

5. Kahler's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;

6. The Clerk shall enter judgment in favor of Defendant Wal-Mart and against Plaintiff Kahler and shall terminate this case; and

7. The parties shall bear their own fees and costs.

---

[2] The Court further notes that Kahler raises equitable tolling for the first time in her Objection, thereby waiving the argument.  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Dated this 17th day of August, 2021.

BY THE COURT:

William J. Martinez
United States District Judge