IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1536-WJM-STV

MARY KAHLER,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ON DISMISSAL TO CORRECT AN ABUSE OF DISCRETION AND ALTER JUDGMENT**
_____

In this employment discrimination lawsuit, *pro se* Plaintiff Mary Kahler sues her former employer, Defendant Wal-Mart Stores, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*, and the Family Medical Leave Act of 1993, 28 U.S.C. §§ 2601, *et seq.* (ECF No. 1.) The Court presumes familiarity with the factual background of this action, which will not be repeated here. (*See, e.g.*, ECF No. 57.)

On December 16, 2020, Defendant moved to dismiss the complaint, arguing that Plaintiff's claims are barred by the doctrine of res judicata. (ECF No. 40 at 8–10.) Plaintiff thereafter filed a motion for leave to amend her complaint. (ECF No. 51.) On May 10, 2021, United States Magistrate Judge Kathleen M. Tafoya issued a Report and Recommendation (the "Recommendation") that the Court: (1) grant Defendant's motion to dismiss on the basis that Plaintiff's claims are barred under the doctrine of res judicata

1

because they either were or could have been raised in Plaintiff's prior lawsuit against Defendant; and (2) deny Plaintiff's motion for leave to amend her complaint on the basis that amendment would be futile. (ECF No. 57.)

On August 17, 2021, the Court overruled Plaintiff's objections to the Recommendation (ECF No. 58) and adopted the Recommendation in its entirety ("Prior Order") (ECF No. 67). The Clerk of Court issued the Final Judgment on the same day. (ECF No. 68.)

This matter is now before the Court on Plaintiff Mary Kahler's Motion for Reconsideration on Dismissal to Correct an Abuse of Discretion and Alter Judgment ("Motion") (ECF No. 69), to which Defendant responded (ECF No. 71), and Plaintiff replied (ECF No. 72). For the reasons set forth below, the Motion is denied.

## I. LEGAL STANDARDS

Because Plaintiff filed the Motion within 28 days of the Final Judgment, the Court analyzes the motion pursuant to Federal Rule of Civil Procedure 59(e). In the Tenth Circuit, grounds warranting a motion to reconsider under Rule 59(e) include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## II. ANALYSIS[1]

In her Motion, Plaintiff argues that reconsideration of the Prior Order is appropriate to correct clear error, prevent manifest injustice, and address newly

---

[1] Because Plaintiff proceeds *pro se*, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court may not "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

discovered evidence.  (ECF No. 69 at 1, 5.)  While Plaintiff's Motion is not the model of clarity, it appears as though Plaintiff argues, *inter alia*, that: (1) she has been denied a fair trial before a jury and/or a settlement hearing; (2) she was denied appointment of counsel; (3) "[t]here is evidence of bias or prejudice by Judge Tafoya"; (4) a reasonable jury would conclude on the merits that Defendant violated her rights; and (5) she has "newly discovered evidence in the form of [Defendant] literally repeating the intentional discriminatory action because she engaged in a protected activity."  (ECF No. 69.)

The Court has fully considered all of Plaintiff's arguments and concludes that she has failed to establish grounds that would warrant reconsideration of the Prior Order.  *See Servants of the Paraclete*, 204 F.3d at 1012.

To the extent Plaintiff merely re-argues the merits of her case against Defendant, such arguments are unavailing on a motion for reconsideration.  *See Allen v. Reynolds*, 2011 WL 7563101, at *1 (D. Colo. June 13, 2011) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court." (quoting *All West Pet Supply Co. v. Hill's Pet Prods. Div.,* 847 F. Supp. 858, 860 (D. Kan. 1994))).  Moreover, Plaintiff ignores the dispositive point that her claims were dismissed because they are barred by the doctrine of res judicata.  (ECF No. 67 at 8.)  Likewise, the Court already considered—and rejected—Plaintiff's "newly discovered evidence" that Defendant continues to deny her employment applications on the basis that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes."  (ECF No. 67 at 7 (quoting *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000)).)  Because Plaintiff has not

n/a
n/a

demonstrated that these findings were clearly erroneous or would result in manifest injustice, the Court will not consider these arguments further.

Additionally, Plaintiff's contention that she was deprived a right to a jury trial is unavailing because it is well-established that dismissal of claims on a Rule 12(b)(6) motion does not violate a plaintiff's right to a jury trial.  *See Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir. 1990) (finding plaintiff's Seventh Amendment "right to a jury trial was not abridged, because . . . the complaints failed as a matter of law to present an issue for trial").  Likewise, Plaintiff's allegations that she was denied appointment of counsel lack merit because there is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

Moreover, to the extent Plaintiff attempts to argue that Judge Tafoya exhibited bias against her, the Court disagrees.  As an initial matter, the Court notes that it has carefully reviewed the Recommendation; the undersigned did not find any instances in which Judge Tafoya exhibited bias, and has no basis on which to conclude that Judge Tafoya's impartiality might reasonably be questioned.  *See Christensen*, 916 F.2d at 1466 (recognizing that allegations of bias against judge lack merit when they are based on the fact that the judge disagreed with that party's contentions).

Accordingly, because Plaintiff has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice, the Court denies the Motion.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion for Reconsideration on Dismissal to Correct an Abuse of Discretion and Alter Judgment

4

(ECF No. 69) is DENIED.

Dated this 12th day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge