FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
04/25/2023
JEFFREY P. COLWELL, CLERK

This technical assistance document was issued upon approval of the Chair of the U.S. Equal Employment Opportunity Commission.

**OLC Control Number**

EEOC-NVTA-2016-5

**Concise Display Name**

Questions and Answers: Enforcement Guidance on Retaliation and Related Issues

**Issue Date**

08-26-2016

**General Topics**

Retaliation

**Summary**

This document provides information on retaliation in EEOC enforcement guidances on the topic.

**Citation**

Title VII, EPA, ADA, GINA, 29 CFR Part 1601, 29 CFR Part 1620, 29 CFR Part 1621, 29 CFR Part 1625, 29 CFR Part 1626, 29 CFR Part 1630, 29 CFR Part 1635

**Document Applicant**

Employees, Employers, Applicants, HR Practitioners

**Previous Revision**

No

Disclaimer

The contents of this document do not have the force and effect of law and are not meant to bind the public in any way. This document is intended only to provide clarity to the public regarding existing requirements under the law or agency policies.

*Each of the Equal Employment Opportunity (EEO) laws prohibits retaliation and related conduct: Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), Title V of the Americans with Disabilities Act (ADA), Section 501 of the Rehabilitation Act (Rehabilitation Act), the Equal Pay Act (EPA), and Title II of the Genetic Information Nondiscrimination Act (GINA).*

On August 29, 2016, the EEOC issued its Enforcement Guidance on Retaliation and Related Issues, https://www.eeoc.gov/laws/guidance/enforcement-guidance-retaliation-and-related-issues, a sub-regulatory document that provides the EEOC's interpretation of the law on this topic. The Enforcement Guidance replaces the Compliance Manual Section 8: Retaliation (1998).

The following questions and answers address major points from the guidance. A short Small Business Fact Sheet on this topic is available at https://www.eeoc.gov/laws/guidance/small-business-fact-sheet-retaliation-and-related-issues.

**1. What is retaliation?**

Retaliation occurs when an employer takes a materially adverse action because an applicant or employee asserts rights protected by the EEO laws. Asserting EEO rights is called "protected activity."

Sometimes there is retaliation before any "protected activity" occurs. For example, an employment policy itself could be unlawful if it discourages the exercise of EEO rights.

**2. What must someone show to prove a legal claim of retaliation?**

In a case alleging that an employer took a materially adverse action because of protected activity, legal proof of retaliation requires evidence that:

An individual engaged in prior protected activity;

The employer took a materially adverse action; and

Retaliation caused the employer's action.

**3. What type of EEO activity by an applicant or employee is protected from retaliation?**

Generally, "protected activity" is either participating in an EEO process or reasonably opposing conduct made unlawful by an EEO law.

**4. What does it mean to "participate in an EEO process"?**

An employer must not retaliate against an individual for "participating" in an EEO process. This means that an employer cannot punish an applicant or employee for filing an EEO complaint, serving as a witness, or participating in any other way in an EEO matter, even if the underlying discrimination allegation is unsuccessful or untimely. EEOC's view is that this extends to participation in an employer's internal EEO complaint process, even if a charge of discrimination has not yet been filed with the EEOC.

Participation in the EEO process is protected whether or not the EEO allegation is based on a reasonable, good faith belief that a violation occurred. This does not mean that falsehoods or bad faith are without consequence. An employer is free to bring these to light in the EEO matter, where it may rightly affect the outcome. But it is unlawful retaliation for an employer to take matters into its own hands and impose consequences for participating in an EEO matter.          **EXHIBIT: EEOC pg 2**

**5. What does it mean to "oppose" conduct made unlawful by an EEO law?**

Employers must not retaliate against an individual for "opposing" a perceived unlawful EEO practice. This means that an employer must not punish an applicant or employee for communicating opposition to a perceived EEO violation. For example, it is unlawful to retaliate against an applicant or employee for:

complaining or threatening to complain about alleged discrimination against oneself or others;

providing information in an employer's internal investigation of an EEO matter;

refusing to obey an order reasonably believed to be discriminatory;

advising an employer on EEO compliance;

resisting sexual advances or intervening to protect others;

passive resistance (allowing others to express opposition);

requesting reasonable accommodation for disability or religion;

complaining to management about EEO-related compensation disparities; or

talking to coworkers to gather information or evidence in support of a potential EEO claim.

Opposition can be protected even if it is informal or does not include the words "harassment," "discrimination," or other legal terminology. A communication or act is protected opposition as long as the circumstances show that the individual is conveying resistance to a perceived potential EEO violation.

The protection for opposition is limited to those individuals who act with a reasonable good faith belief that the conduct opposed is unlawful or could become unlawful if repeated. In the EEOC's view, it can be reasonable to complain about behavior that is not yet legally harassment (i.e., even if the mistreatment has not yet become severe or pervasive). It is also reasonable for an employee to believe that conduct violates the EEO laws if the EEOC has adopted that interpretation, even if some courts disagree with the EEOC on the issue.

Opposition also must be conducted in a reasonable manner. For example, threats of violence, or badgering a subordinate employee to give a witness statement, are not protected opposition.

**6. Who is protected from retaliation?**

The protections against retaliation apply to all employees of any employer, employment agency, or labor organization covered by the EEO laws. **This includes applicants**, current employees (full-time, part-time, probationary, seasonal, and temporary), **and former employees**. *For example, a supervisor cannot refuse to hire an applicant because of his EEO complaint against a prior employer, or give a false negative job reference to punish a former employee for making an EEO complaint.*

[Questions and Answers: Enforcement Guidance on Retaliation and Related Issues | U.S. Equal Employment Opportunity Commission (eeoc.gov)](#)

**EXHIBIT: EEOC pg 3**